*E-Filed 5/29/15*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ALEJANDRO GONZALEZ, | No. C 15-0685 RS (PR) |
| Petitioner, | **ORDER DENYING PETITION FOR WRIT OF MANDAMUS** |
| v. | |
| THE UNITED STATES IMMIGRATION COURT, et al., | |
| Respondents. | |

## INTRODUCTION

Petitioner, a state prisoner proceeding pro se, asks this Court to issue a writ of mandamus to compel the United States Immigration Court ("USIC") and the other respondents to address his demand for a hearing on an immigration detainer filed against him. Petitioner fails to show that he is entitled to such a writ, and the petition is DENIED.

## BACKGROUND

According to the petition, in 1982 petitioner was convicted in the Los Angeles Superior Court of robbery, and kidnapping for the purposes of committing another felony listed in the statute. (Pet. at 10.) He was sentenced to life with the possibility of parole, plus

10 years and 4 months in state prison. (*Id.*) Petitioner alleges that in 1991 or 1992 an "INS hold" was placed on him. (*Id.*) He further alleges that in 2014 he filed with USIC in San Francisco a notice and demand for a trial on the detainer. (*Id.* at 3.) So far, neither the USIC, nor the other respondents, has not acted on his demand. Petitioner alleges that he has the right to such a trial under the Interstate Agreement on Detainers and Speedy Trial Act ("IAD").

## STANDARD OF REVIEW

"The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Mandamus relief is an extraordinary remedy, however. It is available to compel a federal officer to perform a duty only under certain circumstances. *See Fallini v. Hodel*, 783 F.2d 1343, 1345 (9th Cir. 1986).

## DISCUSSION

The IAD "provides for the speedy disposition of detainers based on untried indictments, informations, or complaints," that is, for the speedy disposition of <u>criminal</u> charges. *Argiz v. United State Immigration*, 704 F.2d 384, 387 (7th Cir. 1983). Immigration deportation proceedings are <u>civil</u>, not criminal, proceedings. *Id*. Therefore, an immigration detainer, such as petitioner's INS hold, is not an "untried indictment, information or complaint" within the meaning of the IAD. An immigration detainer "merely notifies prison officials that a decision regarding his removal will be made by [the Department of Homeland Security] at some future date." *Mendoza v. Immigration and Naturalization Service and Nevada Attorney General*, 2010 WL 5136018, *1 (D. Nev. Dec. 9, 2010) (citing *Campillo v. Sullivan*, 853 F.2d 593, 595 (8th Cir. 1988)). Accordingly, petitioner cannot obtain relief under the IAD. Because the IAD was petitioner's sole basis for obtaining the writ, he has not shown that he is entitled to the extraordinary remedy of mandamus relief. The petition is DENIED.

Petitioner's application to proceed *in forma pauperis* (Docket Nos. 2 and 4) is GRANTED. The Clerk shall terminate Docket Nos. 2 and 4, enter judgment in favor of respondents, and close the file.

**IT IS SO ORDERED**.

DATED: May 29, 2015

RICHARD SEEBORG
United States District Judge